AO 245B    (Rev. 02/16) Judgment in a Criminal Case
Sheet 1    Revised by WAED - 06/16

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Oct 20, 2016

SEAN F. McAVOY, CLERK

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| YORDANO BONACHEA | |

Case Number:    2:15CR00133-SMJ-2

USM Number:    18800-085

Amy H. Rubin
_____
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 of the Superseding Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1029(a)(2), (b)(2) | Conspiracy to Commit Access Device Fraud | 10/18/15 | 1s |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    All remaining counts    ☐ is    ☑ are    dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/20/2016
_____
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Salvador Mendoza, Jr.    Judge, U.S. District Court
_____
Name and Title of Judge

10/20/2016
_____
Date

AO 245B    (Rev. 02/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:  YORDANO BONACHEA
CASE NUMBER:  2:15CR00133-SMJ-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:        15  month

Defendant shall receive credit for time served in federal custody prior to sentencing in this matter.

☑  The court makes the following recommendations to the Bureau of Prisons:

Defendant shall participate in the BOP Inmate Financial Responsibility Program.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐ a.m.  ☐ p.m.    on  _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 02/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:  YORDANO BONACHEA
CASE NUMBER:  2:15CR00133-SMJ-2

Judgment—Page  3  of  9

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    3 years

The defendant must comply with the standard conditions of supervision as well as with any special conditions of supervision set forth below:

## STANDARD CONDITIONS OF SUPERVISION

**(1)**  The defendant shall not commit another federal, state or local crime.

**(2)**  The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance, including marijuana, which remains illegal under federal law. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

**(3)** ☑  The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers.) *(Check, if applicable.)*

**(4)** ☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable, see 42 U.S.C. § 14135a(d)(all felonies, crimes under Ch. 109A, crimes of violence, and attempts or conspiracy to commit these crimes.) )*

**(5)** ☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (*42 U.S.C. § 16901, et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

**(6)** ☐  The defendant shall participate in an approved program for domestic violence if one exists within a 50-mile radius of defendant's legal residence. *(Check, if applicable, see 18 U.S.C. § 3583(d) for defendants convicted of a domestic violence crime defined in § 3561(b).)*

**(7)** If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fine, or special assessments.

**(8)** The defendant must report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer tells the defendant to report to a different probation office or within a different time frame.

**(9)** After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant must report to the probation officer as instructed.

**(10)** The defendant must not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

AO 245B    (Rev. 02/16) Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT:  YORDANO BONACHEA
CASE NUMBER:  2:15CR00133-SMJ-2

Judgment—Page    4    of    9

## STANDARD CONDITIONS OF SUPERVISION (Continued)

**(11)**  The defendant must be truthful when responding to the questions asked by the probation officer.

**(12)**  The defendant must live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**(13)**  The defendant must allow the probation officer to visit the defendant at reasonable times at his or her home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

**(14)**  The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**(15)**  The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**(16)**  If the defendant is arrested or has any official contact with a law enforcement officer in a civil or criminal investigative capacity, the defendant must notify the probation officer within 72 hours.

**(17)**  The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

**(18)**  The defendant must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT:  YORDANO BONACHEA
CASE NUMBER:  2:15CR00133-SMJ-2

# SPECIAL CONDITIONS OF SUPERVISION

19. The defendant shall enter into and actively participate in a GED program as directed by the supervising officer.

20. The defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

21. The defendant shall not open, possess, use, or otherwise have access to any checking account, ATM card, or credit card, without the advance approval of the supervising officer.

22. The defendant shall surrender or make available for review, any documents and/or business records, requested by the supervising officer.

23. The defendant shall comply with prohibitions on contact with codefendants in this case.

24. The defendant shall not access computers, computer networks, or other forms of wireless communications, or gain such access through third parties.

25. The defendant shall allow the probation officer, or designee, to conduct random inspections, including retrieval and copying of data from any computer, or any personal computing device that the defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any public or private data encryption technique or program. The defendant shall purchase and use such hardware and software systems that monitors defendant's computer usage, if directed by the supervising officer.

26. The defendant shall submit defendant's person, residence, office, vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. The defendant shall warn persons with whom defendant shares a residence that the premises may be subject to search.

AO 245B    (Rev. 02/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT:  YORDANO BONACHEA
CASE NUMBER:  2:15CR00133-SMJ-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $100.00 | $0.00 ` | $4,657.27 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| American Express | $2,284.52 | $2,284.52 | |
| FIA Card Services Fraud Claims Recovery | $429.68 | $429.68 | |
| Washington Trust Bank | $201.00 | $201.00 | |
| Washington State Employee's Credit Union | $216.01 | $216.01 | |
| Spokane Teacher's Credit Union | $597.80 | $597.80 | |
| Global Credit Union | $928.26 | $928.26 | |

| **TOTALS** | $ 4,657.27 | $ 4,657.27 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the    ☐ fine   ☑ restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  YORDANO BONACHEA
CASE NUMBER:  2:15CR00133-SMJ-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance  ☐  C,  ☐  D,  ☐  E, or  ☐  F below; or

**B**  ☑  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☑ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary penalties are payable on a quarterly basis of not less than $25.00 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than $25.00 per month or 10% of the defendant's net household income, whichever is less, commencing 30 days after the defendant is released from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the following address until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

Defendant and Co-Defendants Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| | | | |
|---|---|---|---|
| Yordano Bonachea 2:15-CR-133-SMJ-02 | $2,284.52 | $2,284.52 | American Express |
| Gilner E. Garcia 2:15-CR-133-SMJ-01 | $2,284.52 | $2,284.52 | American Express |
| Yordano Bonachea 2:15-CR-133-SMJ-02 | $429.68 | $429.68 | FIA Card Services Fraud Claims Recovery |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

  See "ADDITIONAL FORFEITED PROPERTY" Sheet.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 02/16) Judgment in a Criminal Case
           Sheet 6A — Schedule of Payments

Judgment—Page   8    of   9

DEFENDANT:  YORDANO BONACHEA
CASE NUMBER:  2:15CR00133-SMJ-2

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, If appropriate |
|---|---|---|---|
| Gilner E. Garcia 2:15-CR-133-SMJ-01 | $429.68 | $429.68 | FIA Card Services Fraud Claims Recovery |
| Yordano Bonachea 2:15-CR-133-SMJ-02 | $201.00 | $201.00 | Washington Trust Bank |
| Gilner E. Garcia 2:15-CR-133-SMJ-01 | $201.00 | $201.00 | Washington Trust Bank |
| Yordano Bonachea 2:15-CR-133-SMJ-02 | $216.01 | $216.01 | Washington State Employees Credit Union |
| Gilner E. Garcia 2:15-CR-133-SMJ-01 | $216.01 | $216.01 | Washington State Employees Credit Union |
| Yordano Bonachea 2:15-CR-133-SMJ-02 | $597.80 | $597.80 | Spokane Teacher's Credit Union |
| Gilner E. Garcia 2:15-CR-133-SMJ-01 | $597.80 | $597.80 | Spokane Teacher's Credit Union |
| Yordano Bonachea 2:15-CR-133-SMJ-02 | $928.26 | $928.26 | Global Credit Union |
| Gilner E. Garcia 2:15-CR-133-SMJ-01 | $928.26 | $928.26 | Global Credit Union |

DEFENDANT:   YORDANO BONACHEA
CASE NUMBER:   2:15CR00133-SMJ-2

# ADDITIONAL FORFEITED PROPERTY

Forfeiture as follows:

Seized from co-defendant Gilner Garcia, EDWA Cause No. 2:15-CR-133-SMJ-01:

a. Three (3) Payoneer Visa cards
b. Two (2) Delta Skymiles Visa cards
c. Three (3) TD Rebate Rewards Visa cards
d. Two (2) Bank of America Visa cards
e. Four (4) Capital One Visa cards
f. Six (6) Wells Fargo Visa cards
g. One (1) Suntrust Mastercard card
h. Three (3) Chase Visa cards
i. One (1) Citi Visa card
j. One (1) A-Advantage Citi Mastercard card
k. Four (4) American Express cards
l. Two (2) Suntrust Visa cards
m. One (1) TD Business Visa card
n. One (1) TD US Dollar Visa card
o. One (1) Chase Mastercard card
p. Five (5) Sports Authority gift cards
q. Ten (10) Dick's Sporting Goods gift cards
r. Eight (8) Bed Bath & Beyond gift cards
s. Eleven (11) Vanilla Visa gift cards
t. Twenty-five (25) Debit Mastercard gift cards
u. Thirteen (13) TJ Maxx gift cards
v. Nine (9) Kohl's gift cards
w. Three (3) Old Navy gift cards
x. Twenty-four (24) Target Debit Visa gift cards
y. Sixty-five (65) Visa Debit gift cards

Seized from Defendant Bonachea Yordano; EDWA Cause No. 2:15-CR-133-SMJ-02:

z. One (1) Suntrust Mastercard card
aa. One (1) TD Business Visa card
bb. Two (2) Bank of America Visa cards
cc. Three (3) Wells Fargo Visa cards
dd. Four (4) American Express cards
ee. Three (3) Payoneer Visa cards
ff. Four (4) Delta Skymiles Visa cards
gg. Four (4) TD Visa cards
hh. One (1) Chase Visa card
ii. Three (3) Capital One Visa card
jj. One (1) Chase Mastercard card